Exhibit A

| COUNTY DISTRICT COURT, ADAMS COUNTY, COLORADO | |
|---|---|
| Court Address: 1100 Judicial Center Dr, Brighton, CO 80601 | DATE FILED: December 8, 2020 5:01 PM<br>FILING ID: E1E51818FAD85<br>CASE NUMBER: 2020CV31554 |
| **Plaintiff:**    **DESIREE MERRICK**<br><br>v.<br><br>**Defendants:**    **WALMART, INC.** | ▲ COURT USE ONLY ▲ |
| **Attorney for:** Plaintiff<br>Name: J. Kyle Bachus<br>        Giorgia Turpen<br>Address: Bachus and Schanker, LLC<br>        101 West Colfax Avenue, Suite 650<br>        Denver, Colorado 80202<br>Phone Number: (303) 893-9800<br>Fax Number: (303) 893-9900<br>Atty.Reg.#: 24441; 49907<br>Email: Kyle.Bachus@coloradolaw.net<br>       Giorgia.Turpen@coloradolaw.net | Case Number:<br><br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Desiree Merrick, by and through undersigned attorney of Bachus and Schanker, LLC, hereby submits a Civil Complaint and Jury Demand against Defendant Walmart, Inc., as follows:

## GENERAL ALLEGATIONS

1. This matter arises from injuries sustained by Keith Merrick on July 22, 2019, which resulted in his death after being hit and pushed to the ground by a motorized shopping cart pusher owned and operated by Walmart, Inc. at 7101 E. 128th Avenue, Thornton, Colorado 80602 (hereinafter "the Incident").

2. At all times relevant to this action, Keith Merrick (hereinafter "Keith Merrick" or "Decedent"), was an individual who, prior to his death on October 21, 2019, resided in the State

of Colorado at 7035 E. 69th Place, Commerce City, Colorado 80022.

3. At all times relevant to this action, Plaintiff Desiree Merrick is and was the daughter of the Deceased.

4. Upon information and belief, at the time of his death on or about October 21, 2019, the Decedent, was an unmarried adult.

5. Plaintiff as the surviving natural child of the Decedent, is accordingly authorized to claim wrongful death damages for the death of Keith Merrick, deceased, pursuant to C.R.S. § 13-21-201 and C.R.S. § 13-21-202.

6. At all times pertinent to this action, Plaintiff is a resident of Barrow County, Georgia, at 894 Windward Road, Winder, Georgia 30680.

7. Upon information and belief, at all times relevant to this action, Defendant, Wal Mart Real Estate Business Trust, d/b/a Walmart, Inc., (hereafter referred to as "Defendant Walmart") was and is a Delaware corporation doing business in the State of Colorado with its offices and principal place of business being located at 702 SW 8th Street, Bentonville, Arkansas 72716.

8. Upon information and belief, the registered agent for Defendant Walmart, Inc., is CT Corporation System, which is located at 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

9. Venue in this county is proper pursuant to C.R.C.P. 98(c) since the tortious conduct which the claims of Plaintiff are based upon was committed within Adams County, Colorado.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 9 of this Civil Complaint and Jury Demand ("Complaint") as if set forth *verbatim*.

11. Upon information and belief, on or about July 22, 2019, Defendant Walmart was a landowner with regards to the property located at 7101 E. 128th Avenue, Thornton, Colorado 80602 (hereinafter "the Property").

12. At all times pertinent hereto, Defendant Walmart owned the Property.

13. At all times pertinent hereto, Defendant Walmart had possession and control over the Property.

14. At all times relevant to this action, Defendant Walmart had a duty and responsibility to exercise reasonable care while operating its business and moving equipment within and around the Property.

15. At the time of the Incident, Keith Merrick was walking out of the Walmart store at the Property accompanied by his sister, Stephanie Webb.

16. At the time of the Incident, Keith Merrick was standing on the sidewalk approximately 100 feet west of the west entrance of the Walmart store at the Property.

17. Upon information and belief at the time of the Incident, Defendant Walmart at the Property used motorized shopping cart pushers to help employees collect shopping carts in the parking lot and return them in a chain to the shopping cart storage area.

18. Upon information and belief, at the time of the Incident, the chain of shopping carts was loaded and stored from the west side of the storage area of the Property through plastic doorway strips that Walmart customers could access from the entrance lobby.

19. At the time of the Incident, Defendant Walmart's employees and/or agents operated and utilized the motorized shopping cart pusher at the Property.

20. Walmart employees and/or agents have to cross the sidewalk near the west entrance to the Walmart store in order to move the empty shopping carts from the parking lot to the

shopping cart storage area.

21. Upon information and belief, at the time of the Incident, an employee and/or agent of Defendant Walmart was operating the motorized shopping cart pusher with a chain or approximately twenty shopping carts across the parking lot at the Property towards the shopping cart storage area on the west side of the Walmart store.

22. At the time of the Incident, the individual operating the motorized shopping cart pusher was an employee and/or agent of Defendant Walmart.

23. At the time of the Incident, the employee and/or agent of Defendant Walmart operating the motorized shopping cart pusher was acting within the course and scope of his employment with Defendant Walmart.

24. At the time of the Incident, Defendant Walmart's employee and/or agent failed to control and/or properly operate the motorized shopping cart pusher and the chain of carts attached to it and hit Keith Merrick knocking him to the ground on the sidewalk.

25. The collision with Defendant Walmart's motorized shopping cart pusher caused Keith Merrick to suffer severe injuries amongst which a fractured hip requiring surgery.

26. As a result of the Incident, Keith Merrick's severe injuries lead to his death on October 21, 2019.

27. The injuries sustained as a result of the Incident were a substantial factor in causing Keith Merrick's death.

28. As the owner/operator of the Property where Keith Merrick was injured, Defendant Walmart had a non-delegable duty to properly operate and/or control and/or train its employees and/or agents to use the motorized shopping cart pusher on the Property.

29. At the time of the Incident, Defendant Walmart and its employees and/or agents

negligently and without reasonable care failed to control and/or properly utilize and/or were improperly trained to use the motorized shopping cart pusher on the Property causing severe injuries and the death of Keith Merrick.

30. At the time of the Incident, Keith Merrick was an invitee on the Property.

31. At the time of the Incident, the Property was available for the common use of the public and Defendant Wal Mart welcomed the shopping public.

32. At the time of the Incident, Defendant Walmart and its employees and/or agents failed to control and/or properly utilize and/or were improperly trained to use the motorized shopping cart pusher on the Property thereby creating a dangerous condition on the Property.

33. At the time of the Incident, Defendant Walmart knew or should have known of the dangers associated with improper control and/or use and/or training on use of the motorized shopping cart pusher by its employees and/or agents, as well as any other dangerous conditions on the property which lead to the Incident.

34. At the time of the Incident, it was foreseeable that an uncontrolled and/or improperly utilized motorized shopping cart pusher carrying approximately twenty carts traveling towards the sidewalk of the Property next to the west entrance to the Walmart store could cause an injury.

35. At the time of the Incident, Defendant Walmart and its employees and/or agents knew or should have known that an uncontrolled and/or improperly utilized motorized shopping cart pusher carrying shopping carts across the parking lot and onto the sidewalk of the Property was a dangerous condition.

36. At the time of the Incident, Defendant Walmart knew, or with reasonable care should have known, that invitees, including Keith Merrick, would make use of the Property, including walking and standing on the sidewalk near the store entrance on the Property.

37.     Defendant Walmart and its employees and/or agents failed to properly warn Keith Merrick of the uncontrolled and/or improperly utilized motorized shopping cart pusher traveling towards the sidewalk of the Property constituting a dangerous condition.

38.     As a direct and proximate result of the Incident caused by unreasonable conduct of Defendant Walmart and its employees and/or agents, Keith Merrick died, which resulted in funeral and burial expenses.

39.     As a direct and proximate result of the Incident caused by unreasonable conduct of Defendant Walmart and its employees and/or agents, Plaintiff lost her father Keith Merrick.

40.     Plaintiff was not comparatively negligent in causing the Incident or in causing Keith Merrick's catastrophic injuries or death, or in causing her own injuries, losses, and damages as a result of the death of her father, Keith Merrick.

41.     As a direct and proximate result of the Incident caused by the unreasonable conduct of Defendant Walmart and its employees and/or agents, Plaintiff suffered non-economic injuries, damages, and losses as a result of the wrongful death of her father, Keith Merrick.

42.     As a direct and proximate result of the Incident caused by the unreasonable conduct of Defendant Walmart and its employees and/or agents, Plaintiff, through the death of her father Keith Merrick, has suffered damages and non-economic losses, including but not limited to grief, loss of companionship, impairment of quality of life, emotional suffering and emotional distress.

43.     As the daughter of Keith Merrick, an unmarried adult, Plaintiff is entitled to recover the damages caused by the wrongful death of Keith Merrick pursuant to Colorado's Wrongful Death Statutes:  C.R.S. §§ 13-21-201, et seq.

**FIRST CLAIM FOR RELIEF**
**(Statutory Premises Liability of Defendant Walmart Pursuant to C.R.S. § 13-21-115**
**Resulting In The Wrongful Death Of Keith Merrick and Personal Injury to Plaintiff)**

44. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 40 of this Complaint as if set forth *verbatim*.

45. Decedent was an invitee at the Property for business purposes when walking out of the west entrance of the Walmart store and standing on the sidewalk on the Property.

46. Defendant Walmart as the landowner, had a duty to use reasonable care to protect persons such as Decedent against dangers and dangerous conditions of which it actually knew or should have known of and to carry on activities in a reasonably safe manner.

47. Defendant Walmart knew or should have known that a dangerous condition existed at the Property; namely, the foreseeability that an uncontrolled and/or improperly utilized and/or improperly trained employees/agents on the use of the motorized shopping cart pusher traveling towards the sidewalk near the entrance to the Walmart store was a dangerous condition as well the existence of any other dangerous condition which lead to the Incident.

48. Defendant Walmart had a duty to use reasonable care to protect Decedent against the foregoing dangerous condition and/or warn Decedent of the same.

49. Defendant Walmart failed to use reasonable care to protect Decedent against the foregoing dangerous condition and/or warn Decedent of the same.

50. Defendant Walmart's failure to exercise reasonable care to protect Decedent from the foregoing dangerous condition discussed above or warn Decedent of the same was a direct and proximate cause of the Incident which resulting in Decedent's injuries and ultimate death as set forth above.

51. Defendant Walmart's failure to exercise reasonable care to protect Decedent from the foregoing dangerous condition discussed above or warn Decedent of the same resulting in Decedent's injuries and ultimate death was a direct and proximate cause of Plaintiff's losses

and/or damages.

52.  As a direct and proximate result of Defendant Walmart's breach of the aforementioned duties, Keith Merrick died, which resulted in funeral and burial expenses.

53.  As a direct and proximate result of the Incident caused by Defendant Walmart's failure to protect Decedent from the aforementioned dangerous condition on the Property, Plaintiff suffered non-economic injuries, damages, and losses as a result of the wrongful death of her father, Keith Merrick.

54.  As a direct and proximate result of the Incident caused by caused by Defendant Walmart's failure to protect Decedent from the aforementioned dangerous condition on the Property, Plaintiff, through the death of her father Keith Merrick, has suffered damages and non-economic losses, including but not limited to grief, loss of companionship, impairment of quality of life, emotional suffering and emotional distress.

**WHEREFORE,** Plaintiff requests a judgment against Defendant Walmart in an amount to be determined at trial for damages; attorney's fees; interest on all damages at the highest rate allowed by law computed from the date of the injury; costs and expenses; and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial to a jury of six (6) on all triable issues

**DATED:** December 8, 2020.

BACHUS & SCHANKER, LLC

*s/ J. Kyle Bachus*
J. Kyle Bachus, Esq.

Plaintiff's Address
894 Windward Road
Winder, GA 30680

8